IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles M Johnson, Jr., | No. CV-20-00396-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| B Von Blanckensee, | |
| Respondent. | |

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Leslie A. Bowman recommending this Court deny Petitioner's amended habeas petition filed pursuant to 28 U.S.C. § 2241. (Doc. 14.)  No party objected to the Report and Recommendation and the time to object has expired. *See* Dkt. The Court will not consider any objections or new evidence.

The Court reviews de novo any objected-to portions of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error any unobjected-to portions of the Report and Recommendation. *Id. See also, Johnson v. Zema Systems Corp*., 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

Petitioner claims that the trial court failed to set a schedule for payment of restitution, and it may not delegate its duty to the BOP. (Doc. 6.) He claims that he is improperly being required to pay the financial penalties ordered by the trial court at his sentencing through the Bureau of Prisons' (BOP) Inmate Financial Responsibility

Program. (Doc. 14 at 2; Doc. 6 at 4.)

The Report and Recommendation sets forth the applicable statutes, regulations and rules governing the procedures for court ordered payment of restitution. *See* Doc. 14 at 4. Magistrate Judge Bowman examined the sentencing order in Petitioner's case and concluded that the district court considered Petitioner's ability to pay, determined that a payment schedule was unnecessary, and made restitution payable immediately. *Id*. The Report and Recommendation explains that Petitioner did not pay the entire penalty immediately and the BOP instituted a payment plan in accordance with its administrative rules to encourage Petitioner to pay the court ordered restitution in installments. *Id*. at 5.

The Court concludes that Magistrate Judge Bowman's recommendations are not clearly erroneous, and they are adopted.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered the judgment denying the petition to either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the certificate, the court must indicate which specific issues satisfy this showing. 28 U.S.C. § 2253(c)(3). A substantial showing is made when the resolution of an issue on appeal is debatable among reasonable jurists, if courts could resolve the issue differently, or if the issue deserves further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Resolution of the issues raised in Petitioner's amended petition are not debatable among reasonable jurists and do not deserve further proceedings. Considering the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 14) is

**accepted** and **adopted**. Petitioner's § 2241 amended habeas petition (Doc. 6) is **denied** and this case is dismissed with prejudice.

      **IT IS FURTHER ORDERED** that a certificate of appealability is **denied**. The Clerk of the Court is directed to enter judgment accordingly and close this case.

      Dated this 8th day of February, 2021.

_____
Honorable John C. Hinderaker
United States District Judge